IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY RAY MITCHELL, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Case No. 3:17-CV-3473-D-BK |
| | § |
| HAROLD EAVENSON, et al., | § |
| | § |
| Defendants. | § |

**FINDINGS, CONCLUSION AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to District Judge Fitzwater's orders of reference, Doc. 16 & Doc. 36, *Defendants' Rule 12(C) Motion For Judgment On The Pleadings*, Doc. 14, and *Defendant Sarah Englehardt's Rule 12(C) Motion For Judgment On The Pleadings*, Doc. 34, are before the undersigned magistrate judge for recommended dispositions.  Plaintiff, a *pro se* prisoner, filed this action in state court, alleging that Defendants – various Rockwall County sheriff's office employees − had violated his civil rights by, *inter alia*, physically abusing him and taking items that he needed due to his handicap, in violation of the Americans with Disabilities Act ("the ADA").  Doc. 1-1 at 23 (amended complaint); *see also* Doc. 1-1 at 7 (original complaint).  Defendants removed the case to this Court based on federal question jurisdiction.  Doc. 1 at 2-3.

Defendants filed their dispositive motions in January and February 2018.  Doc. 14; Doc. 34.  Plaintiff was required to file his response(s), if he opposed the relief requested, within 21 days of the motions being filed, but did not do so.  *See* N.D. Tex. Local Rule 7.1(e) (establishing deadlines for filing responses to motions).  Due to Plaintiff's failure to respond to Defendants' dismissal motions, the Court ordered that he do so no later than May 2, 2018, if he opposed the dismissal of his case.  Doc. 44.  That deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendants' dismissal motions and failed to comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Civil rights actions filed under 42 U.S.C. § 1983 and the ADA are governed by Texas' two-year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (finding limitations period in Texas is two years for ADA claims); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years for section 1983 claims). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Here, Plaintiff alleges acts that were ongoing at the time he filed his original complaint in October 2017. *See* Doc. 1-1 at 8. Thus, the statute of limitations on Plaintiff's claims would not expire until October 2019. As such, dismissal of this case will not unfairly affect Plaintiff's legal interests. Accordingly, the District Court should dismiss this action without prejudice for lack of

prosecution and for failure to comply with a Court order.[1]

**SO RECOMMENDED** on May 30, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] In February 2018, Plaintiff filed an interlocutory notice of appeal seeking to appeal "the unfavorable judgments/orders issued by this Court" issued in this case. Doc. 35. On May 18, 2018, the appellate court noted that Plaintiff had acquired three "strikes" under 28 U.S.C. § 1915 and ordered him to pay the appellate filing fee in full by June 4, 2018. *See Mitchell v. Eavenson, et al*., Case No. 18-10254 at Dkt. Entry 3. To date, Plaintiff has not complied. However, the Court of Appeals for the Fifth Circuit has yet to explicitly hold that the "three-strikes" provision applies to frivolous cases removed from state court to district court. *See Fleming v. United States*, 538 Fed. Appx. 423, 425 (5th Cir. 2013); *cf. Winding v. Evan*, No. 3:13CV385TSL-JMR, 2014 WL 1056729, at *1 n.2 (S.D. Miss. March 18, 2014) (collecting cases holding that section 1915(g) applies in removed cases). A review of PACER's Case Locator reveals that Plaintiff has filed at least seven cases in U.S. district courts alone that were dismissed as frivolous. Thus, should the Court agree with the appellate court's implicit finding that section 1915(g) applies in cases removed to district court from state court, it is recommended that this case be dismissed with prejudice pursuant to section 1915(g)'s three-strikes provision.